IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION


| HERMAN BURIST | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO.  6:04cv559 |
| UNION PACIFIC RAILROAD | § | |


MEMORANDUM OPINION AND
ORDER
ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT


Plaintiff, proceeding pro se, filed the above-styled lawsuit on December 22, 2004.  The case

was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. §

636.  On September 13, 2005,  Defendant filed a Motion for Summary Judgment (docket #15).

Plaintiff has not filed a response. For the reasons assigned below, the Court finds that Defendant's

Motion for Summary Judgment should be granted.

*Background*

Plaintiff is a retired employee of Union Pacific Railroad.  Plaintiff started his railroad career

with Southern Pacific in 1972.  He became an engineer in 1974.  By way of a merger between

Southern Pacific and Union Pacific Railroad, Plaintiff became an employee of Union Pacific

Railroad in 1997.  Plaintiff retired as an engineer in September 2004.

At the time of the merger, seniority rosters for engineers from Southern Pacific and Union Pacific were merged.  Plaintiff testified at his deposition that he saw the new seniority roster in January 1996 and he believed that the roster showed that engineers with later seniority dates had been moved ahead of him.  He then complained to a union representative about the seniority roster in January 1997.  The union representative that Plaintiff first complained to, J.C. McChristy, was a representative for the Brotherhood of Locomotive Engineers.  He was not a Union Pacific employee. Plaintiff later discovered that no change had been made to the seniority roster so he filed a protest with the United Transportation Union.[1]  Again, no change was made to the seniority roster.  Through the United Transportation Union, Plaintiff complained to Union Pacific in 2001 that the Brotherhood of Locomotive Engineers discriminated against him because of his race.  Plaintiff alleged that the Brotherhood of Locomotive Engineers failed to help him correct the seniority roster because of his race.  Plaintiff did not file a grievance.  Plaintiff filed an EEOC charge of discrimination on February 6, 2004, alleging race and age discrimination concerning the problem with the seniority list.  The charge was dismissed on September 22, 2004.  Plaintiff then filed this lawsuit on December 22, 2004.

Defendant filed a motion for summary judgment on September 13, 2005.  Defendant asserts that Plaintiff cannot state a statutory discrimination claim as a matter of law because the claim is time-barred and pre-empted by the Railway Labor Act and there is no evidence of discrimination. Defendant further asserts that Plaintiff cannot state a claim for intentional infliction of emotional distress as a matter of law because there is no evidence of extreme and outrageous conduct and he

---

[1]Plaintiff testified in his deposition that he stopped paying dues for the Brotherhood of Locomotive Engineers in 1992 or 1993, but he was a dues-paying member of the United Transportation Union during the subject time period.

has not suffered severe emotional distress.  Defendant additionally argues that Plaintiff's intentional

infliction of emotional distress claim is pre-empted by Title VII and time-barred.

*Summary Judgment Standard*

Rule 56(c) of the FED. R. CIV. P. provides that the Court may only grant a motion for

summary judgment when there is no genuine issue of material fact and the moving party is entitled

to summary judgment as a matter of law.  The party seeking summary judgment always bears the

initial responsibility of informing the district court of the basis for its motion and identifying those

portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986).  The moving party,

however, "need not negate the elements of the nonmovant's case."  *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.

1996).  Once, the moving party makes a properly supported motion for summary judgment, the

nonmoving party must look beyond the pleadings and designate specific facts in the record showing

that there is a genuine issue for trial.  *Id.*  Neither "conclusory allegations" nor "unsubstantiated

assertions" will satisfy the nonmovant's burden.  *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole,

could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir.

1987).  The district court must look to the full record, including the pleadings, affidavits, and

depositions.  *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988).  Under this standard, fact

questions are considered with deference to the nonmovant. *Reid v. State  Farm Mutual Automobile*

*Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986).  The evidence of the nonmovant is to be believed

and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106

S.Ct. 2505, 2513 (1986).   The Court resolves factual controversies for purposes of summary

judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when

both parties have submitted evidence of contradictory facts.  *Little v. Liquid Air Corp*., 37 F.3d at

1075.  The Court does not, however, in the absence of any proof, assume that the nonmoving party

could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th

Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

        An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing

summary judgment, together with any inference in such party's favor that the evidence allows, would

be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th

Cir. 1987).  A "material fact" is one that might affect the outcome of the suit under governing law.

*Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

        In this case, Plaintiff did not file a response to the motion for summary judgment.  Pursuant

to Local Rule, CV-7(d), the Court assumes that Plaintiff has no opposition to the motion.  Further,

in accordance with Local Rule, CV-56(c), "the court will assume that the facts as claimed and

supported by admissible evidence by the moving party are admitted to exist without controversy,

except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in

opposition to the motion, as supported by proper summary judgment evidence."

*Discussion and Analysis*

        Plaintiff filed the above-styled employment discrimination lawsuit pursuant to Title VII.  As

a prerequisite to filing a lawsuit pursuant to Title VII, a plaintiff must first file a charge of

discrimination with the EEOC within the time limits prescribed by 42 U.S.C. § 2000e-5(e).

*Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 (1974); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 1886 (1977); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 248 (5th Cir.1980). Pursuant to 42 U.S.C. § 2000e-5(e), in a state where the EEOC routinely transmits complaints to a state referral agency, such as the Texas Commission on Human Rights, a limitations period of 300 days is applicable.[2] In other words, a Title VII plaintiff must file a charge of discrimination with the EEOC no more than 300 days after learning of an adverse employment decision in a referral state. *Messer v. Meno*, 130 F.3d 130, 134 (5th Cir.1997).

In this case, Plaintiff testified at his deposition that he discovered the alleged error on the seniority roster in January 1996. He did not file his charge of discrimination, however, until more than eight years later on February 6, 2004. This lawsuit was not filed until almost nine years after Plaintiff saw the seniority roster and believed that his seniority status was incorrect. Plaintiff's charge of discrimination was not timely filed. As a result, Plaintiff has not met a prerequisite to maintaining a Title VII lawsuit. Plaintiff's claim that he was discriminated against in that his seniority status was incorrectly reflected on the seniority roster is therefore barred. There are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

Likewise, Plaintiff's claim of intentional infliction of emotional distress is time-barred. In Texas, a two year statute of limitations applies to claims of intentional infliction of emotional distress. *Credit Watch, Inc. v. Jackson*, 157 S.W.3d 814 (Tex.2005). Moreover, a claim of intentional infliction of emotional distress requires a showing that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the

---

[2]In non-referral states, the time limit is 180 days.

defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904 (5th Cir.2000).  Ordinary employment disputes are not adequate for intentional infliction claims under Texas law. *Johnson v. Merrell Dow Pharmaceuticals, Inc.*, 965 F.2d 31 (5th Cir.1992).  Plaintiff's allegation does not rise above that of an employment dispute.

Having carefully considered the evidence, the Court finds that Plaintiff has not shown that there is a genuine issue of material fact concerning his claims.  Defendant is entitled to judgment as a matter of law on Plaintiff's Title VII and intentional infliction of emotional distress claims.

In light of the foregoing discussion and analysis, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (docket #15) is **GRANTED**. The complaint is hereby **DISMISSED** with prejudice.  Any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of  **October, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE